UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
——

KENNY ALLEN,                )
                           )
            Petitioner,     )        Case No. 1:07-cv-809
                           )
v.                         )        Honorable Wendell A. Miles
                           )
JOHN PRELESNIK,       )
                           )        **MEMORANDUM OPINION**
            Respondent.    )
_____)

        This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. By report and recommendation entered October 18, 2007, Magistrate Judge Joseph G. Scoville concluded that the habeas corpus petition was filed over four years after the expiration of the one-year statute of limitations created by 28 U.S.C. § 2244(d)(1). Petitioner has now filed timely objections, which this court reviews *de novo*. FED. R. CIV. P. 72(b).

        Petitioner's objections do not dispute the time calculations set forth in the report and recommendation. It is clear from the record that the one-year limitations period, calculated under 28 U.S.C. § 2244(d)(1)(A), expired on March 1, 2003. The instant habeas corpus action was filed no earlier than August 9, 2007, more than four years after the expiration of the statute of limitations. Petitioner does urge, however, that he should be afforded the benefit of equitable tolling. A habeas corpus petitioner seeking equitable tolling of the statute of limitations bears the burden of establishing both that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner falls far

short of meeting this burden.  First, petitioner complains about certain acts and omissions of his appointed counsel during state appellate proceedings.  These assertions are irrelevant to the statute of limitations calculation, which commences only after state appellate proceedings are completed. Second, petitioner asserts that he did not know how to file a state post-judgment proceeding, did not understand the stay and abeyance procedure in federal court, and is generally unfamiliar with the requirements of law.   These allegations fail to establish the existence of an extraordinary circumstance preventing the filing of a habeas corpus petition.   It is now well settled that a petitioner's ignorance of the law generally does not excuse late filing.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Having reviewed the matter *de novo*, the court concludes that this habeas corpus action was filed well after the expiration of the one-year statute of limitations and that the delay of four years is not excused under principles of equitable tolling.  The petition will therefore be dismissed as untimely.  Additionally, this court will deny a certificate of appealability, as reasonable minds could not differ concerning the application of the statute of limitations to the facts of this case. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:   <u>December 5, 2007</u>                                      <u> /s/ Wendell A. Miles</u>
                                                                                   Wendell A. Miles
                                                                                   Senior United States District Judge

-2-